**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**MAINSTREAM ENGINEERING CORPORATION,**

**Plaintiff,**

**v.** **Case No.: 5:26-cv-00523-PGB-PRL**

**PAD DEPOT, INC.,**

**Defendant,**

**_______________________________________/**

**ORDER**

On July 28, 2026, Plaintiff Mainstream Engineering Corporation filed its Amended Complaint against Defendant Pad Depot, Inc., alleging claims for patent infringement. (Doc. 1). On August 13, 2026, Defendant was served with the Amended Complaint and accompanying papers, and thus, its responsive pleading was due by August 27, 2026. After Defendant failed to file a timely responsive pleading, Plaintiff filed its motion for clerk's entry of default. (Doc. 18). The Clerk entered default on September 4, 2026. (Doc. 19). On September 11, 2026, Plaintiff filed a motion for default judgment. (Doc. 20). On September 17, 2026, Brian R. Gilchrist filed a notice of appearance on behalf of Defendant. (Doc. 22). The next day, Defendant filed a motion to set aside the Clerk's entry of default. (Doc. 23).

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause. . ." The good cause standard under Rule 55(c) is a liberal standard and distinguishable from the more rigorous excusable neglect standard applicable to a request to set aside a default judgment. *See Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996); *EEOC v. Mike Smith Pontiac GMC, Inc.,* 896 F.2d 524, 527-28 (11th Cir. 1990). And "[e]ven where there

is uncertainty as to whether 'good cause' exists, courts generally set aside the default so that the case may be decided on its merits." *Radio Sys. Corp. v. E.A. Distribution, Inc.,* No. 8:17-cv-1477-T-36AAS, 2018 WL 2017726, at *1 (M.D. Fla. May 1, 2008).

Defendant has filed the declaration of Cameron Hamel, President of Pad Depot, Inc., in support of its request to set aside the entry of default. (Doc. 23-1). Mr. Hamel avers that in March of 2026, Plaintiff's counsel, Michael O'Neill sent Defendant a letter alleging patent infringement. Defendant retained Terry Sanks of Beusse Sanks, PLLC, to respond. Attorney Sanks exchanged two letters with Mr. O'Neill disputing the alleged infringement. Mr. Hamel believes that Defendant has a defense to the claims—i.e., that Pad Depot has sold concrete generator pads like those accused of infringement prior to August 24, 2017, the earliest effective date of any asserted patent. On August 13, 2026, an employee of Defendant was served with the Amended Complaint and Mr. Hamel anticipated that Mr. Sanks would file a response on Defendant's behalf. However, due to miscommunication, no action was taken on Defendant's behalf. On September 9, 2026, Mr. Hamel received, via U.S. Mail, a copy of Plaintiff's motion for clerk's entry of default. Mr. Hamel unsuccessfully attempted to contact Mr. Sanks and then retained Brian Gilchrist at the law firm of Allen, Dyer, Doppelt + Gilchrist, P.A. on September 16, 2026. On September 17, 2026, Attorney Gilchrist filed a notice of appearance on behalf of Defendant (Doc. 22) and the next day filed the instant motion to set aside clerk's entry of default. (Doc. 23).

Under these circumstances and given the Court's preference to resolve cases on the merits, Defendant has shown the requisite good cause to set aside the default. Indeed, Defendant timely moved to set aside the default, there is no suggestion of willfulness in the delay in serving the responsive pleading, and Defendant has identified meritorious defenses.

Accordingly, Defendant's motion to set aside the clerk's entry of default (Doc. 23) is **granted.** The Clerk's default entered against Pad Depot, Inc. on September 4, 2026 (Doc. 19) is hereby **set aside**. Based on this ruling, Plaintiff's motion for default judgment (Doc. 20) and Plaintiff's motion to file exhibits to the motion for default judgment under seal (Doc. 21) are both due to be **denied.** Within **ten days** of this Order, Defendant shall serve and file its response to Plaintiff's Amended Complaint (Doc. 11).

DONE and ORDERED in Ocala, Florida on September 22, 2026.

P. Lammens

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party