**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**MAINSTREAM ENGINEERING CORPORATION,**

**Plaintiff,**

**v.** **Case No.: 5:26-cv-00523-PGB-PRL**

**PAD DEPOT, INC.,**

**Defendant,**
___________________________________/

**ORDER**

On July 28, 2026, Plaintiff Mainstream Engineering Corporation filed its amended complaint against Defendant Pad Depot, Inc., alleging claims for patent infringement. (Doc. 1). On August 13, 2026, Defendant was served with the amended complaint and accompanying papers, and thus, its responsive pleading was due by August 27, 2026. Defendant failed to file a timely responsive pleading and Plaintiff immediately filed its motion for clerk's entry of default. (Doc. 18). The Clerk entered default on September 4, 2026. (Doc. 19). On September 11, 2026, Plaintiff filed a motion for default judgment. (Doc. 20). On September 17, 2026, Brian R. Gilchrist, Esq. filed a notice of appearance on behalf of Defendant. (Doc. 22). Then on September 18, 2026—twenty-two days after Plaintiff's responsive pleading was due and fourteen days after the clerk entered default--Defendant filed a motion to set aside the clerk's entry of default. (Doc. 23).

On September 22, 2026, the Court granted Defendant's motion to set aside the clerk's default. (Doc. 25). Plaintiff immediately filed a time-sensitive motion for reconsideration of that Order because it was entered before Plaintiff had an opportunity to file its response in opposition. (Doc. 26). Plaintiff asked the Court to vacate the Order, accept and consider

Plaintiff's opposition (which was attached to the motion), and decide Defendant's motion on a full record. The Court granted Plaintiff's motion to the extent that the Court vacated its prior Order and took Defendant's motion to set aside clerk's default under advisement with the benefit of Plaintiff's response. (Doc. 29). Despite the Court's admonition that no further briefing was needed, Plaintiff filed a motion for leave to conduct limited, expedited discovery directed to why Pad Depot, Inc. failed to respond to the amended complaint. (Doc. 30).

## I. Legal Standards

An entry of default may be set aside for good cause. Fed. R. Civ. P. 55(c). Good cause is a liberal standard that varies from situation to situation. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (citation omitted).

In determining whether to set aside a default, "three elements are key: (1) 'whether the default was culpable or willful,' (2) 'whether the defaulting party presents a meritorious defense,' and (3) 'whether setting [the default] aside would prejudice the adversary.' " *Cap. City Home Loans LLC v. Darnell*, No. 23-12066, 2024 WL 4534567, at *4 (11th Cir. Oct. 21, 2024) (per curiam) (quoting *Compania Interamericana*, 88 F.3d at 951). However, "these factors are not 'talismanic,' and...courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Compania Interamericana*, 88 F.3d at 951.

A default may be considered willful "when a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance." *Id.* at 952. If a "party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings,

the court need make no further findings in denying relief." Id. at 951-52. Ultimately, "[w]hatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.* (citation omitted). !

The Eleventh Circuit has stated that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." *Fla. Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). Thus, "[d]efault is to be used sparingly." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002).

## II. Background

In support of its request to set aside the entry of default, Defendant has filed the declaration of Cameron Hamel, President of Pad Depot, Inc. (Doc. 23-1). Mr. Hamel avers that in March of 2026, Plaintiff's counsel, Michael O'Neill sent Defendant a letter alleging patent infringement. Defendant retained Terry Sanks of Beusse Sanks, PLLC, to respond. Attorney Sanks exchanged two letters with Mr. O'Neill disputing the alleged infringement. Mr. Hamel believes that Defendant has a defense to the claims—i.e., that Pad Depot has sold concrete generator pads like those accused of infringement prior to August 24, 2017, the earliest effective date of any asserted patent. On August 13, 2026, an employee of Defendant was served with the amended complaint and Mr. Hamel anticipated that Mr. Sanks would file a response on Defendant's behalf. However, due to miscommunication, no action was taken on Defendant's behalf. On September 9, 2026, Mr. Hamel received, via U.S. Mail, a copy of Plaintiff's motion for clerk's entry of default. Mr. Hamel unsuccessfully attempted to contact Mr. Sanks and then, on September 16, 2026, retained Brian Gilchrist at the law firm of Allen, Dyer, Doppelt + Gilchrist, P.A. On September 17, 2026, Attorney Gilchrist filed a

notice of appearance on behalf of Defendant (Doc. 22) and the next day filed the instant motion to set aside clerk's entry of default. (Doc. 23).

Plaintiff disagrees with Defendant's characterization of the default as an innocent "miscommunication with prior counsel." Plaintiff offers the declaration of its counsel, Michael O'Neill, to support its position that Defendant's default was willful. (Doc. 26-2). Mr. O'Neill outlines his pre-litigation communications with Pad Depot and its counsel. On March 25, 2026, Mainstream sent a cease-and-desist letter to both of Pad Depot's addresses of record. On April 16, 2026, Terry Sanks sent a letter to Mr. O'Neill advising that he had been retained by Pad Depot with respect to the cease-and-desist letter. Despite emails requesting a substantive response, Mr. Sanks did not provide a response until July 15, 2026. Plaintiff then filed this action on July 22, 2026. The Court dismissed the original complaint with leave to amend. On July 28, 2026, Plaintiff filed its amended complaint asserting seven counts of patent infringement. After the summons directed to Defendant's registered agent was returned unexecuted, service was effectuated on August 13, 2026, by personal service at the corporate address. Plaintiff's response was due September 3, 2026. Plaintiff moved for a clerk's default which was entered on September 4, 2026.

Mr. O'Neill states that on September 9, 2026, he was contacted by Liandra Izquierdo, of Sanks' firm, who initially advised that her office was counsel for Defendant and then emailed shortly thereafter telling him to disregard her prior correspondence. Mr. O'Neill advised Ms. Izquierdo that Mainstream would continue to treat Pad Depot as unrepresented until an appearance was filed. Ms. Izquierdo stated that she would forward the correspondence to Pad Depot. Plaintiff contends that Ms. Izquierdo's communications support its theory that Defendant's default was not due to an innocent miscommunication,

but rather, it was a deliberate choice not to fund a defense through prior counsel (the Beusse Sanks firm).

On September 11, 2026, Plaintiff moved for default judgment. On September 16, 2026, Attorney Brian Gilchrist emailed Mr. O'Neill stating that he had spoken with Pad Depot and would move to set aside the default. Mr. Gilchrist appeared on September 17, 2026, and then filed the motion to set aside the clerk's default on September 18, 2026. Plaintiff argues that Defendant's post-default conduct confirms its disregard for these proceedings. Specifically, it points to the eight-day delay from the date Defendant claims it first learned of the default, until the date Mr. Gilchrist filed his notice of appearance.

**III. Discussion**

While Plaintiff argues that Defendant's default was willful, Plaintiff has failed to cite any case (nor has the Court found one) in which a court found willful default where the party acted within two weeks of learning of its failure to respond and there was no pattern of delay in the proceedings before the Court.[1] As discussed above, Defendant's responsive pleading was due by August 27, 2026. The clerk entered default on September 4, 2026. Two weeks later, on September 18, 2026, Defendant moved to set aside the clerk's default so that it could file a responsive pleading and defend the case. This is not the type of delay or conduct that courts have relied upon in finding an intentional or reckless disregard for the judicial proceedings. *See e.g., Savoia-McHugh v. Glass*, 95 4th 1337, (11th Cir. 2024) (affirming denial of motion to set aside clerk's default, finding defendant's efforts to be "too little too late," where fifteen months passed between when he received a copy of the original complaint and his counsel appeared and filed the motion to set aside entry of default; and he admitted receiving

[1] Plaintiff claims that Defendant missed various deadlines during pre-suit discussions. Such conduct, however, does not establish a pattern of delay in the proceedings before this Court.

a number of other legal documents in between); *Ocala Breeders' Sale Company, Inc. v. Green*, 5:25-cv-148-JSM-PRL, 2026 WL 2654192, at *3-4 (M.D. Fla. September 9, 2026) (denying motion to set aside clerk's default finding that defendant's knowledge of the case and his complete absence for a six-month period demonstrates "an intentional or reckless disregard for the judicial proceedings."); *Martie v. M& M Bedding, LLC*, 528 F.Supp.3d 1252 (M.D. Fla. March 25, 2021) (denying motion to set aside clerk's default where defendant ignored the demands of the court's summons for months while discussing an extra-judicial resolution of this matter, and waited more than two months to move to set aside entry of clerk's default); *Global Aerospace, Inc. v. Platinum Jet Management, LLC*, No. 09-60756-CIV, 2010 WL 331905, at *6 (S.D. Fla. Jan. 28, 2010) (denying motion to set aside clerk's default and finding that the defendant's conduct was at least reckless when the defendant "was on notice of [the] case and knowingly chose not to defend itself for six months"); *see also, Farquharson v. Citibank, N.A.,* 664 Fed. Appx. 793, 797 (11th Cir. 2016)[2] (affirming decision to set aside clerk's default based on, *inter alia*, the district court's determination that defendant's failure to respond was not willful because it took immediate action and promptly retained counsel as soon as it realized that there had been a misunderstanding regarding its representation).

Nevertheless, in efforts to show that Defendant acted willfully, Plaintiff advances its theory that the actual reason Defendant defaulted was not innocent miscommunication with its counsel (as it claims), "but a deliberate choice not to fund a defense through prior counsel, the Beusse Sanks Firm—a strategic decision that, if shown, is willful as a matter of law."

---

[2] A review of the docket in the underlying action –*Farquharson v. Citibank, N.A.*, 6:15-cv-211-RBD-KRS—reveals that the Clerk entered defaults against the Citi Defendants on July 28, 2015. (Docs. 71, 72, and 73). Upon realizing the misunderstanding regarding representation, the Citi Defendants retained counsel, who filed a notice of appearance on August 12, 2015 (Doc. 79) and its notice of intent to move to vacate the clerk's default. (Doc. 80). Twelve days later, on August 24, 2015, defense counsel filed the motion to vacate clerk's entry of default. (Doc. 88).

(Doc. 30 at 2). To support this argument, Plaintiff cites to *Martie v. M&M Bedding, LLC*, 528 F.Supp. 3d 1252, 1256 (M.D. Fla. March 25, 2021). In *Martie*, the Court denied defendant's motion to set aside the clerk's default where defendant "tacitly admit[ted] that its failure to comply with the demands of the Court's summons was no mistake, and was instead the result of a deliberate choice by a represented party to forego any litigation activity in the hope that it could otherwise convince Martie to dismiss this action." *Id.* at 1255. The Court held that even though defendant was "ostensibly pursuing an extra-judicial resolution of this matter, its conduct amounts to reckless disregard for judicial proceedings because, with full knowledge of the suit, it simply chose to ignore the demands of the Court's summons." *Id.* at 1256.

Unlike the instant case, the defendant in *Martie* ignored the demands of the court's summons for months while discussing an extra-judicial resolution of the matter with opposing counsel, and then waited more than two months after entry of default to move to set it aside.[3] Here, as discussed above, Defendant filed its motion to set aside clerk's default within 14 days of the entry of default; only nine days after Defendant claims it first learned of the default; and only 22 days after its responsive pleading had been due. While Plaintiff disputes the reason for the default, the Court finds that the timeline in this case, including the reasonable promptness with which Defendant moved to set aside the default, undercuts Plaintiff's argument that the default was willful. Accordingly, Plaintiff's motion seeking discovery focused on why Defendant failed to respond to the amended complaint (Doc. 30) is due to be **denied.**

---

[3] Defendant was served on February 7, 2020, and its responsive pleading was due by February 28, 2020. The clerk entered default on April 13, 2020. Defendant filed its motion to set aside clerk's default on June 26, 2020.

In addition, Defendant has raised a meritorious defense. Defendant represents that it has at least one anticipated defense in this action – i.e., that the accused products referenced in the complaint (concrete pad for a generator) were sold or offered for sale before August 24, 2017, the earliest effective date of any asserted patent. 35 USC §102. While Plaintiff disputes the viability of this defense, the Court declines to reach the actual merits on a motion to set aside clerk's default. *See Corepoint Insur. Co. v. Politis Law Firm, P.A.*, No. 6:23-cv-294-CEM-LHP, 2023 WL 4235337, at * 2 (M.D. Fla. June 28, 2023).

Finally, the Court finds that setting aside the clerk's default will not prejudice Plaintiff. Plaintiff argues that it has incurred costs related to service and filing the motion for clerk's default and the motion for default judgment. In addition, it argues that it will have to "restart a case Pad Depot chose not to defend." (Doc. 26-1 at 18). However, "relatively minor delays or increased litigation expense do not qualify as actual prejudice that would justify the denial of relief under Rule 55(c)." *Access for the Disabled, Inc. v. Milan Consulting, Inc.*, No. 12-62008-Civ, 2013 WL 322517, at *2 (S.D. Fla. Jan. 28, 2013). Here, the minor delay in this case does not qualify as actual prejudice. Indeed, absent Plaintiff's fervent opposition to the motion, this case would have proceeded weeks ago.

Accordingly, even if there is some dispute as to why Defendant allowed a default to be entered in the first place, it acted reasonably promptly in moving to set aside the default, it has raised a meritorious defense, and setting aside the default will not prejudice Plaintiff given the relatively short delay involved. *See Brake v. All Fla. Safety Inst., LLC*, No. 3:21-cv-339-BJD-JBT, 2021 WL 2877618, at *1 (M.D. Fla. June 30, 2021) (setting aside the clerk's default even though the defendant did not provide an adequate explanation for the default because it promptly moved to set aside the default, presented a meritorious defense, and there was no

prejudice to the plaintiff). Considering these factors together with the strong policy in favor of resolving cases on the merits and the disfavor with which courts view defaults, the Court finds good cause to set aside the default. *See e.g.*, F*arquharson v. Citibank, N.A.,* 664 Fed. Appx. 793, 797 (11th Cir. 2016) (discussing Eleventh Circuit's "strong preference for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible.'"); *Olsen v. Qunn Constr., Inc.*, No. 8:10-cv-753-T-33EAJ, 2011 WL 687501, at *1 (M.D. Fla. Feb. 16, 2011) ("[T]he Court prefers to reach the merits of the case as opposed to decide it on a technicality.").

As such, Defendant's motion to set aside clerk's default (Doc. 23) is **granted.** The Clerk is directed to **vacate** the clerk's entry of default against Defendant (Doc. 19). Defendant shall file its response to Plaintiff's amended complaint within **ten days** of this Order.

Plaintiff's motion for expedited discovery (Doc. 30) is **denied**. Plaintiff's motion to file a reply (Doc. 32) is terminated as **moot.**

DONE and ORDERED in Ocala, Florida on November 17, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party